FILED

2012 NOV -1  P 3: 16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DEAN M. JAVID,
On behalf of himself and on behalf of
all others similarly situated.

        Plaintiff,

CIVIL NO. 1:12 CV 1218 JCC/TCB

SOS International, Ltd.

SERVE:    SOS International, Ltd.
              1881 Campus Commons Drive, Ste. 500
              Reston, VA 20191

        Defendant.

## CLASS COMPLAINT

COMES NOW the Plaintiff, Dean M. Javid, (hereafter collectively the "Plaintiff") on behalf of himself and all similarly situated individuals, by counsel, and for his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.    *Defendant* routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

2.    While the use of consumer report information for employment purposes is not *per se* unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

1

3. ***Defendant*** has willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

4. ***Defendant*** violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members based on undisclosed consumer report information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report and without providing them a reasonable opportunity to respond to the information in the report and discuss it with ***Defendant***.

5. ***Defendant*** also violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, ***Defendant*** is required to disclose to its employees - in a document that consists solely of the disclosure - that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. ***Defendant*** willfully violated this requirement by inserting a liability release and other extraneous information into the portion of its online job application that purports to grant ***Defendant*** the authority to obtain and use consumer report information. Such practice has been found unlawful by each Court to consider such allegation. *Reardon v. Closet Maid*, 2:08-cv-01730 (W.D. Pa.); *Singleton v. Dominos*, 8:11-cv-01823 (D. Md.). It is also contrary to longstanding regulatory guidance from the Federal Trade Commission ("FTC").

6. Finally, ***Defendant*** violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on the Plaintiff and other putative class members without proper

authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7. Based on the foregoing violations, Plaintiff asserts FCRA claims against *Defendant* on behalf of himself and two separate classes of *Defendant* employees and prospective employees.

8. On behalf of himself and the Putative Classes, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## JURISDICTION

9. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331. Defendant is based in Virginia and its registered agent and office is located in Roanoke.

## THE PARTIES

10. Individual and representative Plaintiff, Dean M. Javid ("Javid") is a "consumer" as protected and governed by the FCRA and is a member of each of the Putative Classes defined below.

11. Upon information and belief, **SOS International, Ltd. ("SOSI")** is a New York corporation doing business in Virginia through its principal place of business located in Reston, Virginia. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA. Further, it regularly conducted interstate commerce and was thus subject to 28 U.S.C. §1982.

12. Third party Absolute Background Search is a corporation with its principal place of business in Texas doing business in Virginia. At all times relevant hereto, it was a "consumer reporting agency" as governed by the FCRA.

## FACTS

### Allegations Relating to Plaintiff Javid

13. Javid applied for a job with *Defendant* in September 2010.

14. As part of the application process, Javid does not recall authorizing Defendant's use of his consumer report.

15. In the following two weeks, Plaintiff attended preliminary job interviews at SOSI.

16. Defendant informed Plaintiff that he was approved with the only thing standing between Plaintiff and a job with **SOSI** was the results of his consumer report/background check.

17. In October 2010, Plaintiff had been the subject of a mortgage lender error in which the loan servicer had mistakenly tried to foreclose upon the Plaintiff's home even though he was then current. That foreclosure was later rescinded.

18. On or about November 1, 2010, upon SOSI's request, Absolute Background Search furnished a consumer report to SOSI (or its agent) for SOSI's use in determining the Plaintiff's eligibility for employment.

19. The consumer report furnished by Absolute Background Search was inaccurate. The foreclosure and past due payment history reported on Plaintiff's consumer report was incorrect.

20. After November 1, 2010, Plaintiff was advised orally by **SOSI** that based on his consumer report, his application for employment was rejected.

21. Neither the Defendant nor Absolute Background Search provided the Plaintiff a copy of his consumer report, the disclosures required by the Federal Trade Commission or even the identity of the consumer reporting agency that furnished SOSI the background check.

22. If Javid authorized a consumer report, the written disclosure given to him by Defendant was not clear and conspicuous or contained in a document that consisted solely of the disclosure.

23. Because the disclosure was defective, any resulting authorization was defective. Defendant thus lacked a permissible purpose to obtain Javid's consumer report.

24. Defendant failed to provide Javid with a copy of the consumer report or current written summary of his rights under the FCRA before or even at the time it informed him that it had withdrawn his offer of employment

### Allegations Regarding Defendant's Business Practices

25. *Defendant* routinely conducts background checks on all of its job applicants as part of a standard screening process. In addition, *Defendant* also conducts background checks on existing employees from time-to-time during the course of their employment.

26. *Defendant* does not perform these background checks in-house. Rather, *Defendant* obtains and uses "consumer reports" purchased from Absolute Background Search, a consumer reporting agency ("CRA").

27. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

28. **Defendant** has not satisfied these disclosure and authorization requirements. **Defendant** does not have a stand-alone FCRA disclosure or authorization form.

29. This practice violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the FTC. See, e.g., *E.E.O.C. v. Video Only, Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D.Or. June 11, 2008) ("I grant summary judgment of liability that Video Only violated ... 15 §1681 b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure."); (Exhibit "1" – Federal Trade Commission letter dated September 9, 1998 to H. Rowan Leathers, III, Esq., regarding Sections 603(d), 603(f) and 604(b) of the Fair Credit Reporting Act) ("The disclosure may not be part of an employment application .... A disclosure that is combined with many items in an employment application --no matter how 'prominently' it appears -- is not 'in a document that consists solely of the disclosure' as required by[1681b(b)(2)(A)]."); (Exhibit "2" – July 2011 – Federal Trade Commission – 40 Years of Experience with the Fair Credit Reporting Act – an FTC Staff Report with Summary of Interpretations - page 51) ("The disclosure cannot be part of a printed employment application."). Every court to consider this issue has similarly

6

held. *See e.g. Reardon v. Closet Maid*, 2:08-cv-01730 (W.D. Pa.); *Singleton v. Dominos*, 8:11-cv-01823 (D. Md.).

30. By burying its disclosures within their ob application process, **Defendant** willfully disregarded this case law and regulatory guidance, and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

31. The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates ... a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

32. **Defendant** typically does not provide job applicants or employees with a copy of their consumer reports when it takes adverse action against them based on the information in such reports.

33. This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance. (Exhibit "4" – Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the Fair Credit Reporting Act) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information ....").

34. Defendant had substantial notice that its failures violated the FCRA. A number of courts, including Virginia federal courts have held that § 1681b(b)(2) requires an employer who uses a consumer report in an adverse action decision process to provide the consumer his or her report and FCRA statement of rights at least five business days before beginning that process. *Beverly v. Wal-Mart*, 3:07-cv-469 (E.D. Va. January 11, 2008) ("Exhibit 7"); *Williams v. Telespectrum*, 3:05-cv-853, (E.D. Va. November 7, 2006); ("Exhibit 8"); *Johnson v. ADP*, 768 F. Supp.2d 979 (D. MN 2011)(Exhibit "9"); *Daniel, et al v. Swift Transportation Corp*, CV-11-1548-PHX-ROS, (AZ January 9, 2012)(Exhibit "10"), *Reardon v. Closetmaid*, 2:08-cv-01730, (W.D. Pa. April 27, 2011)(Exhibit "11").

35. By failing to provide Plaintiff and other Putative Class members with copies of their consumer reports prior to taking adverse employment action against them based on such reports, Domino's willfully disregarded this regulatory guidance and the plain language of the statute in violation of 15 U.S.C. §§ 1681b(b)(2)(A).

## CLASS ACTION ALLEGATIONS

36. Plaintiff asserts his claim in Count 1 on behalf of a putative "Adverse Action Class" initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant, (c.) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

37. Plaintiff asserts his claims in Counts 2 on behalf of a putative "Impermissible Use Class" initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant, (c.) where Defendant did not advise the consumer in writing, by a standalone document that a consumer report would be obtained for employment purposes and receive the consumer's written consent to same.

38. <u>Numerosity</u>: Upon information and belief, Plaintiff alleges that the Putative Classes are so numerous that joinder of all Class members is impracticable. ***Defendant*** regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff has been informed and believes that during the relevant time period, thousands of ***Defendant*** employees and prospective employees satisfy the definition of the Putative Classes.

39. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Putative Classes. ***Defendant*** typically uses consumer reports to conduct background checks on employees and prospective employees. ***Defendant*** typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and ***Defendant*** treated the Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

40. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Putative Classes, and have retained counsel experienced in complex class action litigation.

9

41. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

   a. Whether *Defendant* uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether *Defendant* requires its prospective and current employees to sign a Consent and Disclosure Form;

   c. Whether *Defendant* Consent and Disclosure Form complies with the FCRA;

   d. Whether it was proper under the FCRA for *Defendant* to include the Consent and Disclosure Form in a multi-page on-line job application process;

   e. Whether *Defendant* violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

   f. Whether *Defendant* violated the FCRA by procuring consumer report information based on invalid authorizations;

   g. Whether *Defendant* violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of information in a consumer report, without first furnishing a copy of the report to the affected persons;

   h. Whether *Defendant* violations of the FCRA were willful; and

   i. The proper measure of statutory damages.

42. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because *Defendant* has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

43. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions

10

affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

44. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from Defendant's records.

## COUNT ONE: FIRST CLAIM FOR RELIEF
### Failure to Provide Copy of Consumer Report and Disclosures in Violation of FCRA
### 15 U.S.C. § 1681b(b)(3)(A)

45. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

46. *Defendant* used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

47. ***Defendant*** violated the FCRA by failing to provide Plaintiffs and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them. See 15 U.S.C. § 1681b(b)(3)(A).

48. ***Defendant*** violated the FCRA by failing to provide Plaintiffs and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them at least five (5) business days before doing so. See 15 U.S.C. § 1681b(b)(3)(A).

49. ***Defendant*** willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees an accurate and current summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on the consumer report.

50. The foregoing violations were willful. ***Defendant*** acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A).

51. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, and punitive damages, pursuant to 15 U.S.C. § 1681n.

52. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT TWO: SECOND CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)

53. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

54. *Defendant* violated the FCRA by procuring consumer reports relating to Plaintiff and other Impermissible Use Class members without first making proper disclosures and receiving written consent in the format required by 15 U.S.C. § 1681b(b)(2)(A).

55. The foregoing violations were willful. *Defendant* acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other Impermissible Use Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

56. Plaintiff and the Impermissible Use Class are entitled to statutory damages of not less than $100 and not more than $1,000, and punitive damages, for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

57. Plaintiff and the Impermissible Use Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

A. Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

B. Designating Plaintiff as class representative and designating Plaintiffs' counsel as counsel for the Putative Classes;

C. Issuing proper notice to the Putative Classes at *Defendant's* expense;

D. Declaring that *Defendant* committed multiple, separate violations of the FCRA;

E. Declaring that *Defendant* acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F. Awarding statutory damages as provided by the FCRA;

G. Awarding punitive damages as provided by the FCRA;

H. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

I. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

**DEAN M. JAVID**, on his own behalf and on behalf of those similarly situated

By _____
Of Counsel

Kristi C. Kelly, VSB #72791
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail: kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis VSB 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Matthew J. Erausquin, VSB No. 65434

Janelle E. Mason, VSB No. 82389
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd., Ste. 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3512 – Facsimile
matt@claleglal.com
janelle@clalegal.com

*Attorneys for the Plaintiff*