**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **DEAN M. JAVID,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**SOS INTERNATIONAL, LTD.** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 1:12-cv-1218 (JCC/TCB) |

**AMENDED COMPLAINT**

COMES NOW the Plaintiff, Dean M. Javid, (hereafter, the "Plaintiff"), by counsel, and for his complaint against the Defendant, alleges as follows:

PRELIMINARY STATEMENT

1. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

2. The use of background check information by potential employers such as the Defendant is subject to the strict disclosure and authorization requirements provided by the FCRA.

3. Defendant has willfully violated these requirements in multiple ways, in violation of the Plaintiff's rights.

4. Defendant violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff based on adverse information contained within his background check report, without first providing Plaintiff with a copy of the report as required by law.

5. Based on the foregoing violation, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## JURISDICTION

6. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.  Defendant is based in Virginia.  The Defendant's registered agent and principal office is located in Fairfax County.

## THE PARTIES

7. Plaintiff, Dean M. Javid ("Javid") is a "consumer" as protected and governed by the FCRA.

8. Upon information and belief, SOS International, Ltd. ("SOSI") is a New York corporation doing business in Virginia through its principal place of business in Reston, Virginia. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

## FACTS

9. Javid applied for a job with the Defendant in September of 2010.

10. In the following two weeks, Plaintiff attended job interviews at SOSI.

11. The Defendant informed Plaintiff that he was hired for the position, subject to the results of a background investigation.

12. In October of 2010, Plaintiff was the subject of an error committed by a mortgage lender in which its loan servicer mistakenly attempted foreclosure upon the Plaintiff's home, even though he was then current on his payments. That foreclosure was later rescinded.

13. Upon information and belief in October and/or November of 2010, one or more consumer reporting agencies furnished a consumer report to the Defendant for its use in determining the Plaintiff's eligibility for employment.

14. The consumer report furnished by one or more of the consumer reporting agencies was inaccurate. Specifically, and without limitation, the foreclosure and past due payment history reported on Plaintiff's consumer report was derogatory and incorrect.

15. The Defendant, in turn, declined to hire the Plaintiff.

16. The Defendant's decision not to hire the Plaintiff was based in whole or in part upon the information contained in the consumer report referenced in paragraphs 13-14.

17. Thereafter, on or about November 1, 2010, Plaintiff was advised by the Defendant that based on his consumer report(s), his application for employment was rejected.

18. The Defendant failed to provide the Plaintiff with the disclosures required by the Fair Credit Reporting Act.

19. The Defendant failed to provide Plaintiff with a copy of the consumer report or current written summary of his rights under the FCRA before it informed the Plaintiff that it would not hire him.

20. The Defendant routinely conducts background checks on all of its job applicants as part of a standard screening process. In addition, the Defendant also conducts

background checks on existing employees from time-to-time during the course of their employment.

21.    The Defendant does not perform these background checks in-house. Rather, Defendant obtains and uses "consumer reports" purchased from a consumer reporting agency ("CRA"), as defined in the FCRA.

22.    The FCRA provides that "in using a consumer report for employment purposes, <u>before</u> taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates ... a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

23.    The Defendant does not provide job applicants or employees with a copy of their consumer reports before it takes adverse action against them.

24.    This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance. (Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the Fair Credit Reporting Act) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information ....").

25.    Numerous courts, including Virginia federal courts, have held that § 1681b(b)(2) requires an employer who uses a consumer report in an employment

decisioning process to provide the consumer his or her report and FCRA statement of rights at least five business days before beginning that process. *Beverly v. Wal-Mart*, 3:07-cv-469 (E.D. Va. January 11, 2008); *Williams v. Telespectrum,* 3:05-cv-853, (E.D. Va. November 7, 2006); *Johnson v. ADP,* 768 F. Supp.2d 979 (D. MN 2011); *Daniel, et al v. Swift Transportation Corp,* CV-11-1548-PHX-ROS, (AZ January 9, 2012); *Reardon v. Closetmaid*, 2:08-cv-01730, (W.D. Pa. April 27, 2011).

26. By failing to provide Plaintiff with copies of their consumer reports prior to taking adverse employment action against them based on such reports, Defendant willfully disregarded this regulatory guidance and the plain language of the statute in violation of 15 U.S.C. §§ 1681b(b)(2)(A).

## COUNT ONE
### Failure to Provide Copy of Consumer Report and Disclosures
### 15 U.S.C. § 1681b(b)(3)(A)

27. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

28. The Defendant used a "consumer report," as defined by the FCRA, and used it in deciding to take an adverse action against the Plaintiff with regard to his employment application.

29. The Defendant willfully violated the FCRA by failing to provide Plaintiff with a copy of the consumer report that was used to take adverse employment action against him at least five (5) business days before doing so. See 15 U.S.C. § 168lb(b)(3)(A).

30. The Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), by failing to provide Plaintiff an accurate and current summary of rights required by this section of the FCRA before taking an adverse action that was

based in whole or in part on the consumer report.

31. The foregoing violations were willful. The Defendant acted in deliberate or reckless disregard of its obligations and the rights of the Plaintiff under 15 U.S.C. § 168lb(b)(3)(A).

32. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, and punitive damages, pursuant to 15 U.S.C. § 1681n.

33. Plaintiff is further entitled to recover his costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

- A. Declaring that the Defendant committed a violation of the FCRA;

- B. Declaring that the Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

- C. Awarding statutory damages as provided by the FCRA;

- D. Awarding punitive damages as provided by the FCRA;

- E. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

- F. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted,

**DEAN M. JAVID**

By_____/s/_____
Of Counsel

Kristi C. Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail:  kkelly@siplfirm.com
E-mail:   aguzzo@siplfirm.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis VSB 40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

Matthew J. Erausquin, VSB No. 65434
Janelle E. Mason, VSB No. 82389
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd., Ste. 600
Alexandria, VA 22314
(703) 273-7770 - Telephone
(888) 892-3512 – Facsimile
matt@claleglal.com
janelle@clalegal.com

*Attorneys for the Plaintiff*

**Certificate of Service**

I hereby certify that on the 25th day of February, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following individuals:

Michael John Lorenger, VSB #38910
Susanne Harris Carnell, VSB #41521
Lorenger & Carnell, PLC
651 South Washington Street
Alexandria, VA  22314
scarnell@lorengercarnell.com
mlorenger@lorengercarnell.com
*Counsel for Defendant*


_____/s/_____
Kristi C. Kelly
SUROVELL ISAACS PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400
(703) 591-9285
E-mail:  kkelly@siplfirm.com
*Counsel for Plaintiff*